United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 17, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60851
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY D. STYLES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:01-CR-173-ALL
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Larry D. Styles appeals from his conviction of assault within the special territorial jurisdiction of the United States and from the denial of a post-verdict motion pursuant to FED. R. CRIM. P. 29 and FED. R. CRIM. P. 33. Styles contends that the evidence was insufficient to support his conviction because the district court violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by taking judicial notice that the VA Hospital in which his offense occurred is within the special maritime and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

territorial jurisdiction of the United States; that the district court erred by admitting hearsay testimony that the head nurse at the VA Hospital previously had received complaints about Styles; that the district court erred by denying admission of evidence of Styles's private polygraph examination; and that the district court constructively amended Styles's indictment through its instruction defining the term "assault."

In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. *Apprendi* did not otherwise alter the legal landscape regarding whether elements of an offense must be proved beyond a reasonable doubt, and it had no effect on whether the district court could take judicial notice of the status of the VA Hospital.

A district court may take judicial notice of the legislative fact that a federal installation is under federal jurisdiction. *United States v. Bowers*, 660 F.2d 527, 531 (5th Cir. 1981). VA hospitals are "within the special maritime or territorial jurisdiction of the United States." *United States v. Dixon*, 185 F.3d 393, 396 n.1 (5th Cir. 1999). The district court did not err by taking notice that the VA Hospital in Styles's case was within the special territorial jurisdiction of the United States.

The head nurse's testimony that complaints had been filed against Styles was hearsay. *See* FED. R. EVID. 801(c). However, the admission of the testimony was harmless. Styles himself testified that complaints had been filed against him for roughness with patients. *See United States v. Rodriguez*, 43 F.3d 117, 123 (5th Cir. 1995).

The testimony of Polygraph Examiner Wayne Humphries did not establish that polygraph tests generally, or his tests specifically, were sufficiently reliable to be introduced into evidence. Nor had any of Humphries's examinations ever been admitted into evidence. Humphries could not say that Styles was not being deceptive, and he placed Styles into his second-highest category of honest responding. Nor was the Government invited to participate in the examination. Exclusion of the evidence was not an abuse of discretion. *See United States v. Pettigrew*, 77 F.3d 1500, 1514 (5th Cir. 1996).

Styles did not raise the constructive-amendment contention he raises on appeal sufficiently for it to be considered by the district court. Our review thus is for plain error. *United States v. Calverley*, 37 F.3d 160, 162 (5th Cir. 1994)(en banc). The jury in Styles's case was informed that it must find that he inflicted serious bodily injury on his victim. The definition of "assault" did not create any possibility that Styles might have been convicted of a crime other than the one alleged in his

indictment.  *See United States v. Nuñez*, 180 F.3d 227, 230-31 (5th Cir. 1999).

AFFIRMED.